JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ZETH HOLBERT

**(b)** County of Residence of First Listed Plaintiff    MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher J. DelGaizo
Derek Smith Law Group, PLLC
1835 Market St., Ste. 2950, Philadelphia, PA 19103    215-391-4790

## DEFENDANTS

TRI-COUNTY HOSPITALISTS, LLC
NAVNEET K. SHARMA

County of Residence of First Listed Defendant    MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. § 3729

Brief description of cause:
False billing of Medicare and retaliation for complaining of said false billing.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
08/05/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1929 E. Hight Street, Pottstown, PA 19464 _____

Address of Defendant: _____ 2005 Kestral Circle, Audubon, PA 19403 _____

Place of Accident, Incident or Transaction: _____ Defendant's Place of Buiness _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year       Yes ☐   No ☑
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐   No ☑
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier         Yes ☐   No ☑
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes ☐   No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/05/2019     _____*signature*_____     200594
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.*     *Federal Question Cases:*                          *B.*     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts     ☐  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                             ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                        ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                        ☐  4.  Marine Personal Injury
☐  5.  Patent                                                           ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                       ☐  6.  Other Personal Injury *(Please specify)*: _____
☐  7.  Civil Rights                                                     ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                    ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                          ☐  9.  All other Diversity Cases
☐ 10.  Social Security Review Cases                                            *(Please specify)*: _____
☑ 11.  All other Federal Question Cases
       *(Please specify)*: _____ False Claims Act _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Christopher J. Delgaizo, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
   exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: 08/05/2019     _____*signature*_____     200594
                     *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ZETH HOLBERT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRI-COUNTY HOSPITALISTS, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)


| | | |
|---|---|---|
| 8/5/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-893-588 | Chris@DerekSmithLaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ZETH HOLBERT, CRNP          :
1929 E. Hight Street           :
Pottstown, PA 19464          :
                Plaintiff    :
    v.                      :
                      :    Jury Trial Demanded
TRI-COUNTY HOSPITALISTS, LLC  :
2005 Kestral Circle           :
Audubon, PA 19403           :
                      :
    and                  :
                      :    Civil Action No. _____
NAVNEET K. SHARMA, M.D.     :
2005 Kestral Circle           :
Audubon, PA 19403           :
              Defendants  :

---

## CIVIL COMPLAINT

      Plaintiff, Zeth Holbert, CRNP, by and through his attorneys, Derek Smith Law Group, PLLC, hereby bring the following allegations against Defendant, Tri-County Hospitalists, LLC, and Navneet K. Sharma, M.D., for violations of the False Claims Act, 31 U.S.C. §3729, for retaliation under the False Claims Act, 31 U.S.C. §3730(h), and for violation of Pennsylvania's Whistleblower Law, 43 Pa.C.S.A. §1423, for Defendants' false billing of Medicare, and for retaliation against Plaintiff for having engaged in protected conduct in complaining and whistleblowing about the false billing, which ultimately led to Defendants' disciplining and constructively discharging Plaintiff.  Plaintiff alleges and avers:

Parties

1.      Plaintiff, Zeth Holbert, is an adult male individual who resides at the above captioned address and was employed from around May 16, 2017 to May 10, 2019 by Tri-County Hospitalists, LLC as a billing specialist and thus worked under the direct supervision of Navneet K. Sharma, M.D. the President and Chief Executive Officer ("CEO") of Tri-County Hospitalists, LLC.

2.      Defendant, Tri-County Hospitalists, LLC, ("TCH"), is a Limited Liability Company duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at the above address and was, at all times relevant, Plaintiff's employer.

3.      Defendant, Navneet K. Sharma, M.D., is an adult individual and the Medical Director, President, and CEO of Defendant, TCH, and therefore has a place of business and registered office at the above captioned address.  Defendant Sharma was Plaintiff's supervisor and had the authority to make material decisions over Plaintiff's employment including decision making, policymaking, hire, fire, promote, demote, and discipline.

4.      Defendant, TCH, agreed, accepted, adopted, acquiesced, and/or otherwise is/was bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents including Karen DiPasquale, Nicole Oesterling, and Defendant Sharma.

Jurisdiction and Venue

5.      Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction, 28 U.S.C. §1331, and Supplemental Jurisdiction, 28 U.S.C. §1367.

6.      Personal jurisdiction and venue are appropriate before this Court as Defendant resides and/or reasonably avails itself of the Commonwealth of Pennsylvania and all actions giving

rise to this litigation occurred in the Eastern District of Pennsylvania. (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia Counties).

Summary of Facts

7.      On or about May 16, 2017 Plaintiff, Zeth Holbert, entered a contract of employment to provide medical billing services for Defendant, Tri-County Hospitalists, LLC ("TCH") for a period of five (5) year and then year-to-year thereafter, and receive an annual salary of $140,000.00 with student loan, fringe benefits, retirement plan, 401K plan with matching, and the opportunity for bonuses.

8.      Plaintiff billed primarily on behalf of Defendant TCH's client Tower Health, which is a healthcare provider/payer system consisting of six hospitals including: Brandywine Hospital, Chestnut Hill Hospital, Jennersville Hospital, Phoenixville Hospital, Pottstown Hospital, and Reading Hospital.

9.      Plaintiff, by and through Defendants, billed the United States of America's national health insurance program, Medicare.

10.     Plaintiff was supervised by Defendant Sharma and Karen DiPasquale the Director of Operations for Defendant TCH.

11.     Plaintiff had an excellent employment record and had no disciplinary history.

12.     On January 18, 2019 Plaintiff received an email from Ms. DiPasquale with a PowerPoint attached and a message that the PowerPoint had "valuable information" for staff.

13.     At least one slide of the PowerPoint provided coding for Advanced Care Planning ("ACP"), without further explanation or discussion.

14.     On Wednesday, January 23, 2019 a meeting was held where Defendant Sharma directed employees to bill for ACP and for tobacco cessation, for every patient.

3

15.     Defendant Sharma communicated instructions for billing ACP and tobacco cessation to Plaintiff and employees through TigerText or TigerConnect, a messaging platform or application that does not permit the saving, copying, or forwarding of messages and for which messages are automatically deleted after a few days.

16.     On January 28, 2019 Defendant TCH employee Nicole Oesterling emailed Plaintiff and others stating "… please make sure to bill a current procedure terminology (CPT) code for tobacco abuse counseling on EVERY patient" ("tobacco cessation") and Ms. Oesterling referred to the PowerPoint sent January 18, 2019 for the codes.

17.     Plaintiff did not feel comfortable billing ACP or tobacco cessation for every patient as the requisite services needed to bill for these codes were not indicated for every patient.

18.     Plaintiff felt he was jeopardizing his license and was falsely billing.

19.     On February 15, 2019 Plaintiff emailed Ms. Oesterling that billing for ACP requires actual physical paperwork filled out with the patient, which was not happening for every patient. Additional emails were exchanged but there were no changes made to the billing procedures.

20.     Defendants refused Plaintiff's concerns about the billing practices.

21.     On February 17, 2019 Plaintiff spoke with and/or emailed Nicole Nagy, D.O., an Internal Medicine specialist for Defendant TCH, to complain of the billing for ACP procedure.

22.     On February 20, 2019 Plaintiff forwarded the email sent to Dr. Nagy, to Ms. Oesterling, to inform her of his communications about the billing.

23.     A few hours after emailing Ms. Oesterling, Defendant Sharma called Plaintiff to say he was upset and that Plaintiff should bring billing issues to him only.  When Plaintiff said he did not feel comfortable billing for ACP and tobacco cessation for every patient as directed, Defendant Sharma informed Plaintiff that annual bonuses were contingent on the billing.

4

24.     On Wednesday, February 27, 2019 Plaintiff emailed Defendant Sharma to request a meeting with him and Dr. Nagy to discuss billing for ACP and tobacco cessation.

25.     The meeting was held the next day.

26.     On Thursday, February 28, 2019 Plaintiff and Dr. Nagy voiced concerns over the billing practices and Dr. Sharma agreed to add discretion to billing for ACP.

27.     Later the same day, February 28, 2019, Ms. DiPasquale emailed Plaintiff and Defendant TCH's staff to "Please use your discretion regarding who is counseled" and to only counsel "patients who smoke or use tobacco products regarding smoking cessation counseling" and "patients over 50 years old or who are under 50 but have an end stage condition for advanced care planning."

28.     While these changes did add discretion, they did not fully address requirements for billing for ACP or tobacco cessation.

29.     On March 28, 2019 Defendant Sharma called Plaintiff and said if Plaintiff does not bill 100% for ACP, he will find someone who will.  Plaintiff was billing at around 10%.

30.     Plaintiff contacted the Chief Nursing Officer at Reading Hospital, Amanda McNicholas CRNP, about Defendant TCH's billing for ACP and tobacco cessation, for every patient.

31.     On April 1, 2019 Plaintiff met with Chief Medical Officer at Reading Hospital, Dr. Gregory Sorenson, to discuss billing for these practices.  A confidential investigation was launched into Plaintiff's claims.

32.     On April 2, 2019 Ms. Oesterling emailed Plaintiff about threat reporting.

33.     It is alleged and therefore believed, Defendants were aware of Plaintiff's complaints/whistleblowing to Tower Health employees, regarding the billing practices.

34.     On April 5, 2019 Defendants emailed Plaintiff a "mandatory" amendment to his contract with Defendant TCH.

35.     On April 9, 2019 Defendants provided Plaintiff a 30-day termination letter that if Plaintiff does not correct actions in 30 days, he will be terminated.

36.     The actions to be corrected included failures to bill ACP, failure to attend meetings, and breach in confidentiality.

37.     On May 10, 2019 Plaintiff was constructively discharged as he would not bill for ACP as directed.

**COUNT ONE**
**False Claims Act –Advanced Care Planning ("ACP")**
*31 U.S.C. §3729*
**Plaintiff v. Defendants**

38.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

39.     Defendant TCH is within the definition of person under the False Claims Act and thus is subject to the False Claims Act.

40.     Defendant Sharma as a person and as the Medical Director, President, and Chief Executive Officer of Defendant TCH knowingly presented, knowingly caused to be presented, and/or conspired to have presented to the government false claims for payment vis-à-vis his own actions and those of his subordinates, at his direction.

41.     The federal False Claims Act provides in pertinent part:

*a.      Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false claim allowed or paid,*

6

*is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains because of the act of that person.*

*b.      For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent or defraud is required.*

*See* 31 U.S.C. §3729 (a) & (b).

42.     The *prima facie* elements to a False Claims Act claim require that (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment, (2) the claim was false or fraudulent, and (3) the defendant knew the claim was false or fraudulent.

43.     Defendant violated the Federal False Claims Act by knowingly and intentionally making false claims to Medicare for payment, including claims for Advanced Care Planning (ACP) and/or tobacco cessation, when Defendants knew the pre-requisites for billing for these services were not being completed.

44.     Defendants, by and through staff, billed for ACP and tobacco cessation for every patient, knowing that not every patient was receiving the care.

45.     To the extent any third party was involved in billing or payment, that third-party acted merely as a conduit to the transfer that was the result of Defendants' actions.

46.     As a direct and proximate result of Defendants' conduct, Defendants defrauded the United States Government and citizens and caused the government economic loss.

47.     Plaintiff brings this action on behalf of the government, in hopes the government will intervene to recover losses incurred, and/or individually, as a relator, to recover up to 30% of the funds to be recovered by the government.

WHEREFORE, Plaintiff, Zeth Holbert, demands all relief and damages from Defendant, Tri-County Hospitalists, LLC, and Defendant, Navneet K. Sharma, M.D., recoverable under law and as deemed reasonable and just by the Court.

**COUNT TWO**
**False Claims Act – Tobacco Cessation**
*31 U.S.C. §3729*
**Plaintiff v. Defendants**

48.　　Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

49.　　Defendant TCH is within the definition of person under the False Claims Act and thus is subject to the False Claims Act.

50.　　Defendant Sharma as a person and as the Medical Director, President, and Chief Executive Officer of Defendant TCH knowingly presented, knowingly caused to be presented, and/or conspired to have presented to the government false claims for payment vis-à-vis his own actions and those of his subordinates, at his direction.

51.　　The federal False Claims Act provides in pertinent part:

　　*a.　　Any person who (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; (3) conspires to defraud the Government by getting a false claim allowed or paid, is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains because of the act of that person.*

　　*b.　　For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the*

*information; or (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent or defraud is required.*

*See* 31 U.S.C. §3729 (a) & (b).

52.     The *prima facie* elements to a False Claims Act claim require that (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment, (2) the claim was false or fraudulent, and (3) the defendant knew the claim was false or fraudulent.

53.     Defendants violated the Federal False Claims Act by knowingly and intentionally making false claims to Medicare for payment, including claims for Advanced Care Planning (ACP) and/or tobacco cessation, when Defendants knew the pre-requisites for billing for these services were not being completed.

54.     Defendants, by and through staff, billed for ACP and tobacco cessation for every patient, knowing that not every patient was receiving the care.

55.     To the extent any third party was involved in billing or payment, that third-party acted merely as a conduit to the transfer that was the result of Defendants' actions.

56.     As a direct and proximate result of Defendants' conduct, Defendants have defrauded the United States Government and citizens and caused the government economic loss.

57.     Plaintiff brings this action on behalf of the government, in hopes the government will intervene to recover losses incurred, and/or as an individual relator to recover up to 30% of the funds to be recovered by the government.

WHEREFORE, Plaintiff, Zeth Holbert, demands all relief and damages from Defendant, Tri-County Hospitalists, LLC, and Defendant, Navneet K. Sharma, M.D., recoverable under law and as deemed reasonable and just by the Court.

## COUNT THREE
### Retaliation
### *False Claims Act, 31 U.S.C. §3730(h)*
### Plaintiff v. Defendants

58.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

59.     Defendant TCH is within the definition of person under the False Claims Act and thus is subject to the False Claims Act.

60.     Defendant Sharma as a person and as the Medical Director, President, and Chief Executive Officer of Defendant TCH knowingly presented, knowingly caused to be presented, and/or conspired to have presented to the government false claims for payment vis-à-vis his own actions and those of his subordinates, at his direction.

61.     The federal False Claims Act anti-retaliation provision provides in pertinent part:

> h.      *(1) In general.--Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter…*

*See* 37 U.S.C.A. §3730 (h).

62.     Plaintiff engaged protected activity when he made internal complaints to Defendant TCH and when he made complaints to Tower Health employees about the fraudulent billing practices in furtherance of an action under the False Claims Act.

63.     Defendants were aware of Plaintiff's protected activity and thus were aware of the distinct possibility of a False Claims Act litigation, as Plaintiff informed Defendants including

having Defendant Sharma involved in meetings about the billing and including Defendants employees on emails sent internally and externally complaining about fraudulent billing practices.

64.     Defendants retaliated against Plaintiff by unnecessarily disciplining him and placing him on a 30-day last warning and constructively discharging Plaintiff.

65.     Defendants adverse actions of discipline and termination were temporally proximate to Plaintiff's protected activity such that it/they are usually suggestive of retaliation. Furthermore, there is clear evidence of retaliatory animus in Defendants actions.

66.     As a direct and proximate result of Defendants retaliation, Plaintiff has loss of wages, loss of benefits, loss of student loan money, loss of 401K, out-of-pocket expenses, pain and suffering, emotional damages and harms, loss of reputation, loss of enjoyment of life.

67.     Plaintiff seeks all damages recoverable including double (2x) his backpay damages, interest on his backpay damages, costs of litigation, and reasonable attorney's fees.

WHEREFORE, Plaintiff, Zeth Holbert, demands all relief and damages from Defendant, Tri-County Hospitalists, LLC, and Defendant, Navneet K. Sharma, M.D., recoverable under law and as deemed reasonable and just by the Court.

### COUNT FOUR
**Whistleblower Retaliation**
***Pennsylvania Whistleblower Law, 43 Pa.C.S.A. §1423***
**Plaintiff v. Defendants**

68.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

69.     Defendant Tri-County Hospitalists, LLC is/are subject to Pennsylvania Whistleblower statute as it is, among other reasons, funded in an amount by, or through the Commonwealth.  43 P.S. §1422.

70.     Defendant Sharma in his supervisory position, decisionmaker, and policymaker position and capacity is subject to Pennsylvania Whistleblower statute liability.

11

71.     Plaintiff engaged protective activity when he:

   a.  made a good faith internal complaint about Defendants false billing for ACP and tobacco cessation to the President, CEO, and Medical Director;

   b.  made a good faith external complaint to Tower Health personnel about false billing for ACP and tobacco cessation, about falsely billing for ACP;

   c.  made a good faith complaint that caused an investigation into Defendant TCH's billing practices, and/or

   d.  emailed complaints about false billing internally and externally.

72.     Defendants were on notice of Plaintiff having engaged in the foregoing protected activity.

73.     As a direct and proximate result of Plaintiff's protected activity, Defendants retaliated against Plaintiff by unnecessarily disciplining him, placing him on a last chance warning, forcing him to bill for ACP, constructively discharging Plaintiff, and other retaliatory and adverse action.

74.     Plaintiff seeks all relief afforded under law including wage loss, out-of-pocket expenses, loss of amenities of employment, emotional damages, pain and suffering, loss of reputation, loss of enjoyment of life's pleasures, attorneys' fees, costs of litigation, and all other relief deemed appropriate.

WHEREFORE, Plaintiff, Zeth Holbert, demands all relief and damages from Defendant, Tri-County Hospitalists, LLC, and Defendant, Navneet K. Sharma, M.D., recoverable under law and as deemed reasonable and just by the Court.

DEREK SMITH LAW GROUP, PLLC

By: _____
CHRISTOPHER J. DELGAIZO, ESQ.
Attorneys for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
Email: Chris@dereksmithlaw.com

Date: August 5, 2019